**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Ruby Mountain Heli-Ski Guides, Inc., | Case No.: 2:23-cv-01068-JAD-DJA |
| Plaintiff | |
| v. | **Order re: Defaults Against Kyle Wieben and SledNV, Inc.** |
| SledNV, Inc., Kyle Wieben, and Jason Murchison, | [ECF Nos. 27, 36, 38] |
| Defendants | |

Ruby Mountain Heli-Ski Guides, Inc. brings this copyright action against SledNV, Inc. its owner Kyle Wieben and employee Jason Murchison, claiming that they are illegally using a scenic photograph belonging to the plaintiff in their snowmobile and ski-tour business. No defendant has counsel, and the Clerk of Court entered default against SledNV, Inc. and Wieben when they failed to properly respond to the complaint.[1] A month later, Wieben filed a motion to dismiss the complaint without having first moved to set aside default.[2]

**A.    Having been defaulted, Wieben must seek to set aside the default before he can move for dismissal of the claims against him.**

"Entry of a defendant's default cuts off defendant's right to appear in the action or to present evidence."[3] Once a defendant has been defaulted, "[t]he only procedure available to

---

[1] ECF No. 24 (entry of default); ECF No. 21 (plaintiff's motion for default). In a minute order dated 11/15/23, I gave SledNV until 11/30/23 to retain counsel, warning that failure to do so could result in default being entered against SledNV. ECF No. 28. Because default had already been entered, that order was moot, and I vacate that portion of it for that reason. Regardless, SledNV did not retain counsel.

[2] ECF No. 27 (Wieben's motion to dismiss).

[3] Stevenson & Fitzgerald, Rutter Group Prac. Guide: Federal Civ. Pro. Before Trial § 6:42.

[him] is to file a motion to set aside the default under FRCP 55(c)."[4]  So, unless and until he has succeeded in getting the default set aside, a defaulted defendant simply can't file a motion to dismiss.

Because default was entered against Wieben before he filed his motion to dismiss, that motion is a rogue document, and I deny it without prejudice for that reason.  Before Wieben may file a motion to dismiss and have this court resolve it on its merits, he must first persuade the court to set aside the default that was entered against him.  To do that, he must file a proper motion to set aside default under FRCP 55(c), addressing the good-cause factors: "(1) whether the defaulting party engaged in culpable conduct that led to the default; (2) whether the defaulting party had no meritorious defense; or (3) whether reopening the default judgment would prejudice the non-defaulting party."[5]

**B.    Entry of a default judgment against SledNV, Inc. is premature because the claims are indistinct.**

Having also secured a default against SledNV, Inc., the plaintiff moves for a partial default judgment as to liability and asks the court to allow post-default discovery against SledNV, Inc.[6]  Courts in the Ninth Circuit follow the time-honored doctrine from *Frow v. De La Vega* for considering whether to enter default judgment against less than all defendants in a multi-defendant case.[7]  The *Frow* doctrine recognizes that, "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the

---

[4] *Id*. (cleaned up).

[5] *United States v. Assorted Firearms*, 605 F. App'x 603, 605 (9th Cir. 2015) (citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

[6] ECF Nos. 36, 38.

[7] *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)).

defaulting defendant until the matter has been adjudicated with regard to all defendants."[8]  The Ninth Circuit extends this doctrine to cases where the co-defendants are "similarly situated" and defense of the claims will hinge on the same legal theory because "it would be incongruous and unfair to allow a plaintiff to prevail against defaulting defendants on a legal theory rejected by a court with regard to an answering defendant in the same action."[9]

This is precisely such a case.  Ruby Mountain seeks relief against all defendants collectively.  Each factual allegation of infringement is attributed to "defendants" without distinguishing the conduct of one versus another.  Ruby Mountain alleges that Wieben (against whom it is not yet seeking default judgment) "is the owner, president, secretary, and treasurer of SledNV, Inc," which is the target of the motion for default judgment.[10]  And it further alleges that both Wieben and non-defaulted SledNV, Inc. employee Murchison "engaged in a substantial portion of the misconduct giving rise to this action. . . ."[11]  The *Frow* doctrine cautions against entering a default judgment against SledNV, Inc. while Murchison continues to actively defend against these jointly targeted claims.  For this reason, I deny the motion for default judgment without prejudice to Ruby Mountain's ability to reurge it after the claims against the individual defendants have been resolved.  And because I decline to enter default judgment, I deny as moot the plaintiff's request for post-judgment discovery against SledNV, Inc.

---

[8] *Id.*

[9] *Geramendi v. Henin*, 683 F.3d 1069, 1082–83 (9th Cir. 2012) (quotation omitted).

[10] ECF No. 1 at ¶ 11.

[11] *Id*. at ¶¶ 11, 12.

**IT IS THEREFORE ORDERED** that Kyle Wieben's motion to dismiss **[ECF No. 27] is DENIED** without prejudice to its refiling within 10 days of any order setting aside the default against him, and the hearing scheduled on Wieben's motion is VACATED.  The January 4, 2024, hearing in this case will only address Jason Murchison's motions to dismiss [ECF Nos. 20, 29], which are now the only motions pending in this case.

IT IS FURTHER ORDERED that Plaintiff's Motion for Partial Default Judgment and for Post-Judgment Discovery **[ECF Nos. 36, 38] are DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
December 15, 2023