UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RUBY MOUNTAIN HELI-SKI GUIDES, INC., <br><br>　　　　　　　　　　Plaintiff, <br><br>　　v. <br><br>SLEDNV, INC., *et al.*, <br><br>　　　　　　　　　　Defendants. | Case No. 3:24-cv-00211-MMD-CSD <br><br>ORDER |

**I.　SUMMARY**

Plaintiff Ruby Mountain Heli-Ski Guides, Inc. sued Defendants Sled NV, Inc., Kyle Wieben,[1] and Jason Murchison, two individuals associated with Sled NV, Inc., for copyright infringement, for using a picture that Plaintiff has registered a copyright on as the background of Sled NV, Inc.'s website. (ECF No. 1.) When Murchison answered, he also filed a counterclaim against Plaintiff and a third party complaint against Michael Royer, a director of Plaintiff, for breach of contract and declaratory judgment, generally contending that he bought some photos from Royer for $100, so Plaintiff should not have sued him. (ECF No. 49 at 9-12.) Before the Court are two substantially similar motions to dismiss Murchison's third party complaint and counterclaim filed by Plaintiff (ECF No. 53)[2] and Royer (ECF No. 62).[3] Because of their similarity, the Court will address the two

---

[1] The Clerk of Court entered defaults against SledNV, Inc. and Kyle Wieben (ECF No. 24) and they have not actively participated either in this case generally, or the briefing on the pending motions specifically.

[2] Murchison, at this point represented by counsel, filed a response (ECF No. 54) and Plaintiff filed a reply (ECF No. 55).

[3] Murchison, at this point appearing pro se, filed a response (ECF No. 66), and Royer filed a reply (ECF No. 67). Murchison's counsel was granted permission to withdraw in between the filing of the two pending motions. (ECF No. 58.)

1  motions together. And as further explained below, the Court will grant both motions
2  because Murchison has not alleged he has any rights in the photo Plaintiff sued over, but
3  will grant him leave to amend because he is now proceeding pro se, has not previously
4  been granted leave to amend, and raises allegations in his response to Royer's motion
5  that are not reflected in the third party complaint or counterclaim.

**II.   BACKGROUND**

The following allegations are adapted from the Complaint. (ECF No. 1.) Plaintiff alleges that it has exclusive rights in a copyrighted photograph of a skier descending Seitz Canyon in the Ruby Mountains (the "Seitz Canyon Photograph"). (*Id.* at 4.) Royer took the photograph during a helicopter ski tour that Murchison attended, but Murchison is not depicted in the photograph. (*Id.*) Royer posted a copy of the photo to Plaintiff's website after the ski tour and sent a copy of it to the attendees of the tour, including Murchison, but did not give him permission to use it on Defendants' website. (*Id.* at 4-5.) Defendants nonetheless began using the Seitz Canyon Photograph in the background of their website SledNV.com and hosted several, additional copies of it on their website as well. (*Id.* at 5-8.) Plaintiff further alleges that Defendants knowingly included false copyright information embedded in the instances of the Seitz Canyon Photograph hosted on their website. (*Id.* at 8-9.)

Plaintiff and Royer first met with Murchison and asked him to take the Seitz Canyon Photograph down, and later followed up with emails and cease and desist letters, but Defendants did not take the photo down. (*Id.* at 9-10.) Plaintiff accordingly filed this lawsuit, bringing claims for copyright infringement and providing false copyright management information in violation of 17 U.S.C. § 1202(a)(1). (*Id.* at 10-14.)

When Murchison eventually answered the Complaint,[4] he also filed a counterclaim against Plaintiff and a third party complaint against Royer, alleging claims for breach of

---

[4]Murchison initially filed a pro se motion purportedly on behalf of all Defendants to dismiss the complaint, but United States District Judge Jennifer A. Dorsey struck it to the extent he purported to represent anyone else because pro se litigants cannot represent other parties. (ECF No. 28.) Judge Dorsey later held a hearing on Murchison's motions

1   contract and declaratory judgment. (ECF No. 49 at 9-12.) Murchison alleges that he
2   attended a helicopter ski tour guided by Plaintiff. During the tour, he asked Royer to take
3   photographs of him skiing. (*Id.* at 10; *see also id.* at 11 (specifying "photos of him" twice).)
4   Royer agreed in exchange for $100. (*Id.* at 10.) "At no time, as a condition to that
5   Agreement or otherwise, did Mr. Murchison sign or agree to anything that would preclude
6   him from using and/or limit his usage of the photos taken by Mr. Royer." (*Id.* at 11.)
7   Murchison alleges that Plaintiff's filing of this suit constitutes breach of this oral contract
8   between Royer and Murchison. (*Id.*) Murchison further alleges that he is entitled to
9   declaratory relief because an active controversy exists between himself and Plaintiff
10  regarding the effect of the alleged oral agreement and Murchison's rights under it. (*Id.*)

**III.    DISCUSSION**

As noted, the Court addresses the pending motions to dismiss Murchison's counterclaim and third party complaint together because they raise substantially similar arguments. The main difference is that Murchison had counsel when he responded to Plaintiff's motion (ECF No. 54); he responded to Royer's motion himself after his counsel withdrew (ECF No. 66). Regardless, both motions raise the dispositive argument that both of Murchison's claims in his counterclaim and third party complaint fail because he alleges a breach of an oral agreement regarding photos of him but does not allege that the Seitz Canyon Photograph is a photograph of him. (ECF Nos. 53 at 2, 62 at 2.)

Indeed, Murchison consistently alleges in the 'general allegations' section of his counterclaim and third party complaint, along with the sections describing his breach of contract and declaratory judgment claims, that he agreed to pay Royer $100 for "photos of him skiing through the canyon[.]" (ECF No. 49 at 10; *see also id.* at 11 (specifying

---

to dismiss, but he did not appear for the hearing, and Judge Dorsey denied both. (ECF No. 40.) At that same hearing, Judge Dorsey gave him a deadline to respond to the Complaint. (*Id.*) After Murchison missed that deadline, and on Plaintiff's motion, the Clerk of Court entered default against him. (ECF No. 44.) United States Magistrate Judge Daniel J. Albregts subsequently granted a stipulation to set aside the default against Murchison and gave him ten days to file a response to the Complaint. (ECF No. 48.) Murchison timely complied with that order, filing his answer, counterclaim, and third party complaint ten days later. (ECF No. 49.) This case was later reassigned to the Court. (ECF No. 64.)

3

"photos of him" twice as to both claims).) But Plaintiff's claims against Murchison are based on copying of a single copyrighted photograph that does not depict Murchison—the Seitz Canyon Photograph. (ECF No. 1 at 4; *see also generally id.*) And Murchison includes no allegations in his counterclaim or third party complaint regarding the Seitz Canyon Photograph, much less an allegation that the photograph at the heart of this lawsuit is a 'photo of him.' (ECF No. 49 at 9-12.)

Murchison's counterclaim and third party complaint is thus not cognizable as alleged because a copyright claim based on a photograph not of him cannot violate a contract regarding 'photos of him,' nor can it create an actual controversy regarding 'photos of him' supporting a declaratory relief claim. *See, e.g., Desio v. Russell Rd. Food & Beverage, LLC*, No. 2:15-cv-01440-GMN-CWH, 2016 WL 4721099, at *3 (D. Nev. Sept. 9, 2016) (dismissing breach of contract claim without prejudice in part because the pertinent "allegations do not adequately plead breach of contract"); *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 607 (D. Nev. 2011) (dismissing declaratory judgment claim for lack of subject matter jurisdiction because "[t]he Plaintiff does not allege that it is actually using the mark in suit or that is has invested substantial resources to use or market the mark."). The Court accordingly grants both motions to dismiss Murchison's counterclaim and third party complaint.

The question before the Court then becomes whether to grant Murchison leave to amend. The Court has discretion to grant leave to amend and should freely do so "when justice so requires." Fed. R. Civ. P. 15(a); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Nonetheless, the Court may deny leave to amend if it will cause: (1) undue delay; (2) undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). Facts raised for the first time in a plaintiff's opposition papers should be considered by the Court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice. *See Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133,

1137-38 (9th Cir. 2001). And documents filed pro se must "be liberally construed[.]" *Woods v. Carey*, 525 F.3d 886, 889 (9th Cir. 2008) (citation omitted). Finally, "the 'rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant.'" *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (citation omitted).

In his pro se opposition to Royer's motion (ECF No. 66),[5] Murchison states he:

> still has reason to believe [the picture providing the basis for Plaintiff's copyright claims] is of him. No forensic data shows that the picture is not Murchison and the picture was sent to Murchison by Royer. And even if the picture is not Murchison this does not change the fact Royer still sold the picture to Murchison to document his ski trip amongst other photos sent to Murchison by Royer.

(*Id.* at 3.) As reflected in the Court's analysis above, these allegations are not included in Murchison's counterclaim and third party complaint. If true, these allegations would undermine the Court's analysis in this order—because Murchison is alleging that perhaps the Seitz Canyon Photograph is of him, or it does not matter whether the photograph is of him. He also seems to suggest that Royer may have sold him photos other than 'photos of him,' which could include the Seitz Canyon Photograph.[6] Amendment may thus not be futile. In addition, Murchison is pro se and has not previously been granted leave to amend. All these factors support granting Murchison leave to amend his counterclaim and third party complaint within 30 days. So that is what the Court will do.

However, the Court cautions him that Fed. R. Civ. P. 11 applies to pro se litigants like himself and filing a first amended complaint either based on frivolous facts, or without first conducting a reasonable inquiry into the truth of his alleged facts, may lead to the imposition of sanctions. *See Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1366

---

[5]The Court focuses on this opposition because Murchison's counsel was permitted to withdraw, and Murchison has not retained new counsel or given any indication on the docket that he intends to retain new counsel. The Court accordingly finds it in the interest of justice to treat him as a pro se litigant and focus on the arguments he presented on his own behalf and more recently instead of those presented by his former counsel.

[6]While generally the Court should only consider factual allegations in opposition to a motion to dismiss that could support, "amendments that would be consistent with the operative complaint[,]" *Orion Tire Corp.*, 268 F.3d at 1137, the Court will nonetheless grant Murchison leave to amend here considering how important it is to give pro se litigants liberal opportunities to amend, *see Lopez*, 203 F.3d at 1131.

(9th Cir. 1990) (finding that, since allegations against a particular party "in the first amended complaint were baseless, the lack of inquiry justified the district court's finding under the 'frivolousness" prong of Rule 11.'") (citation omitted); *Uziel v. Superior Ct. of California, Cnty. of Los Angeles*, No. 21-56306, 2023 WL 4311631, at *1 (9th Cir. July 3, 2023) (affirming the award of Rule 11 sanctions against a pro se litigant). The Court includes this warning and off-ramp for Murchison because Plaintiff and Royer proffered evidence in their motions that the Seitz Canyon Photograph shows Michael Epsteyn skiing, not Murchison. (ECF No. 53 at 2 n.1, 5 n.3, 9 n.4; ECF No. 62 at 2 n.2, 5 n.4, 9 n.5.) While the Court did not consider this evidence in ruling on the pending motions because it did not need to and because considering evidence is generally improper at the motion to dismiss stage, the Court nonetheless notes for Murchison's benefit as a pro se litigant that it finds this evidence persuasive. If Murchison files an amended complaint alleging that he is the skier in the Seitz Canyon Photograph knowing that is not true, he exposes himself to the risk of sanctions.

## IV.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Plaintiff's motion to dismiss (ECF No. 53) is granted.

It is further ordered that Royer's motion to dismiss (ECF No. 62) is granted.

It is further ordered that Defendant Jason Murchison's third party complaint against Third-Party Defendant Michael Royer and counterclaim against Plaintiff and Counter-Defendant Ruby Mountain Heli-Ski Guides, Inc. (ECF No. 49 at 9-12) are dismissed, in their entirety, but without prejudice and with leave to amend.

It is further ordered that Murchison may file an amended third party complaint and counterclaim consistent with the allegations he makes in his opposition to Royer's motion to dismiss (ECF No. 66) within 30 days.

|   |   |
|---|---|
| 1 | |
| 2 | It is further ordered that, if Murchison does not file an amended third party |
| 3 | complaint and counterclaim within 30 days, the Court will dismiss the claims reflected in |
| 4 | his third party complaint and counterclaim (ECF No. 49 at 9-12) with prejudice and without |
| 5 | further advance notice to Murchison. |
| 6 | DATED THIS 4th Day of November 2024. |

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE