1

2

3            UNITED STATES DISTRICT COURT

4                   DISTRICT OF NEVADA

5                          * * *

6    RUBY MOUNTAIN HELI-SKI GUIDES,        Case No. 3:24-cv-00211-MMD-CSD
     INC.,
7                                          ORDER
                              Plaintiff,
8          v.

9    SLEDNV, INC., et al.,

10                           Defendants.

11

12   **I.    SUMMARY**

13         Plaintiff Ruby Mountain Heli-Ski Guides, Inc. sued Defendants Sled NV, Inc., Kyle

14   Wieben,[1] and Jason Murchison, two individuals associated with SledNV, for copyright

15   infringement and placing false copyright management information in violation of 17 U.S.C.

16   § 1202, for using a picture that Plaintiff has registered a copyright on as the background

17   of SledNV's website and putting a SledNV copyright notice on it. (ECF No. 1.) When

18   Murchison answered, he also filed a counterclaim against Plaintiff and a third party

19   complaint against Michael Royer, a director of Plaintiff, for breach of contract and

20   declaratory judgment, generally contending that he bought some photos from Royer for

21   $100, so Plaintiff should not have sued him. (ECF No. 49 at 9-12.) The Court granted

22   motions to dismiss the counterclaim and third party complaint (ECF No. 84 ("Prior

23   Order")), but Murchison filed amended versions of his counterclaim against Plaintiff and

24   third party complaint against Royer (ECF No. 86).

25   ///

26

27   _____

28        [1]The Clerk of Court entered defaults against SledNV, Inc. and Kyle Wieben. (ECF
     No. 24; see also ECF No. 39.) From the Court's review of the docket, those Clerk's
     defaults remain operative. Wieben submitted a declaration in support of Plaintiff's pending
     motion for summary judgment. (ECF No. 95-3.)

1    Before the Court are several sets of motions: (1) Plaintiff and Royer's unopposed

2    motion to dismiss Murchison's amended counterclaim and third party complaint (ECF No.

3    87)[2]; (2) Plaintiff's motion for summary judgment on its claims against Murchison (ECF

4    No. 95)[3]; and (3) a set of competing motions for sanctions, and a related motion,

5    culminating in the Report and Recommendation ("R&R") of United States Magistrate

6    Judge Craig S. Denney, recommending the Court enter case-terminating sanctions

7    against Murchison for significant discovery misconduct (ECF No. 107).[4]

8    As further explained below, the Court will grant Plaintiff and Royer's unopposed

9    motion to dismiss Murchison's amended counterclaims and third party complaint because

10   Murchison did not oppose it and because of the Copyright statute of frauds, grant Plaintiff

11   summary judgment on both of its claims against Murchison but deny Plaintiff's request for

12   attorneys' fees without prejudice for noncompliance with LR 54-14, and accept and adopt

13   Judge Denney's R&R in part, over Murchison's objection, to reflect that the Court will

14   reject Judge Denney's proposed remedy as moot because the Court is entering summary

15   judgment in Plaintiff's favor on the merits but otherwise adopt the R&R. The Court will

16   accordingly resolve this case in Plaintiff's favor.

17

18   _____

19   [2]The Court is unable to locate a response to this motion on the docket, and Murchison does not purport to respond to it in any of the other motions and responses he filed since this motion was filed.

20   [3]Murchison filed a response (ECF No. 98), and Plaintiff filed a reply (ECF No. 102).

21   [4]The motions addressed in the R&R are Plaintiff's motion for sanctions (ECF No.

22   94), Murchison's countermotion for sanctions (ECF No. 101), and Plaintiff's motion to strike Murchison's countermotion for sanctions (ECF No. 104). Murchison filed an objection to the R&R (ECF No. 109), and Plaintiff filed a response to Murchison's

23   objection (ECF No. 112). The Court also reviewed the associated briefing. (ECF Nos. 99,

24   100, 103.)

25   While the minutes of Judge Denney's sanctions hearing (ECF No. 108) and the R&R (ECF No. 111) were both returned as undeliverable, Murchison appears to have

26   received the R&R since he timely objected to it. Given that Murchison was able to object to the R&R, and the other pending motions are either fully briefed or the time for

27   responding to them has elapsed, the Court will address all the pending motions now.

28   However, the Court reminds Murchison of his obligations under LR IA 3-1. If Murchison has moved, he must immediately file a written change of address notification with the Court. *See id.*

1

## II.    BACKGROUND

The Court incorporates by reference the background from its Prior Order dismissing the first version of Murchison's counterclaims and third party complaint because that background remains accurate and generally relevant. (ECF No. 84 at 2-3.)

The following facts are undisputed unless otherwise noted. Plaintiff operates a helicopter ski guiding service in the Ruby Mountains of Nevada. (ECF No. 95-2 at 3.) Murchison was Plaintiff's guest from February 22-24, 2021. (*Id.*) During the trip, Murchison was part of a group led by Royer that descended Seitz Canyon. (*Id.*) During the group's descent of Seitz Canyon on February 22, 2021, Royer used his iPhone to take a photograph of the first skier down Seitz Canyon, Michael Epsteyn. (*Id.*) The Court will refer to the photograph of Epsteyn descending Seitz Canyon as the Seitz Canyon photo in this order. Royer registered a copyright in the Seitz Canyon photo and assigned it to Plaintiff. (ECF No. 1-1.)

After attending the tour with Plaintiff, Murchison partnered with Wieben to operate a ski guiding service for SledNV. (ECF No. 95-3 at 3.) As part of SledNV's plans to offer ski guiding services, Murchison created an updated website for SledNV. (*Id.*; *see also* ECF No. 95-5 at 3.) Murchison worked with Stephanie Hidalgo ("Hidalgo") to create the website for SledNV. (ECF No. 95-3 at 3; *see also* ECF No. 95-5 at 3.) But Murchison supervised the creation of the new website for SledNV. (ECF No. 95-3 at 3.) Murchison directed Hidalgo to post the Seitz Canyon photo on the new website she was creating for SledNV (the "New SledNV Website."). (ECF No. 95-5 at 3-4.) The New SledNV Website included copyright notices stating "©Copyrights 2022 | SledNV.com | All Rights Reserved" (the "SledNV Copyright Notices"). (ECF No. 95-3 at 4.) But Plaintiff never authorized the use of the Seitz Canyon photo on the New SledNV Website. (ECF No. 95-2 at 3-4.)

Royer asked Murchison to take the Seitz Canyon photo down from the New SledNV Website in April 2023, but Murchison refused. (*Id.* at 5.) Plaintiff accordingly decided to file this lawsuit in July 2023. (*Id.* at 5-6; *see also* ECF No. 1.)

///

3

### III. DISCUSSION

The Court first addresses the unopposed motion to dismiss the amended counterclaim and third party complaint, then the motion for summary judgment, and then the R&R.

### A. Motion to Dismiss

As noted, Murchison filed amended versions of his counterclaim against Plaintiff and third party complaint against Royer (ECF No. 86) after the Court dismissed the first versions in its Prior Order (ECF No. 84). In the amended versions of his counterclaim and third party complaint, Murchison broadens out the original allegations that he entered into a verbal agreement with Royer for pictures of him to allegations that he entered into a verbal agreement with Royer (in exchange for $100) for all the photos Royer took on the ski tour Murchison attended, noting that nothing in the contract Murchison signed for helicopter skiing with Plaintiff said his use of the photos would be restricted in any way. (ECF No. 86.) Plaintiff and Royer move to dismiss the amended counterclaim and third party complaint because it violates the Copyright statute of frauds codified in 17 U.S.C. § 204. (ECF No. 87 at 6-10.)

Murchison did not timely respond to this motion. The Court accordingly grants it as unopposed. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion."). Alternatively, the Court grants the motion because it agrees with Plaintiff and Royer that Murchison's claims therein are based on an invalid copyright interest—because the purported interest was conveyed by mere oral agreement. *See* 17 U.S.C. § 204(a) ("A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent."); *Konigsberg Int'l Inc. v. Rice*, 16 F.3d 355, 357 (9th Cir. 1994) ("a transfer of copyright is simply 'not valid'

1  without a writing.") (citation omitted). In sum, the Court dismisses Murchison's amended

2  counterclaims and third party complaint. (ECF No. 86.)

3      Plaintiff and Royer further argue for dismissal with prejudice since amendment

4  would be futile, Murchison has already been given an opportunity to amend, and

5  permitting amendment at this stage of the case would prejudice them. (ECF No. 87 at 11-

6  13.) The Court agrees. Murchison has already been permitted to amend his counterclaim

7  and third party complaint. (ECF No. 84.) But again, his putative claims are based on an

8  oral agreement creating a purported copyright interest. *See supra*. The Court accordingly

9  finds that amendment would be futile. The Court dismisses Murchison's amended

10  counterclaim and third party complaint with prejudice.

11      **B.   Motion for Summary Judgment[5]**

12      Plaintiff moves for summary judgment against Murchison on its two claims against

13  him for copyright infringement and posting copies of the Seitz Canyon photo with

14  copyright notices falsely stating SledNV has a copyright in it, seeking damages and

15  attorneys' fees totaling $880,299.10. (ECF No. 95.) Murchison opposes, asserting without

16  elaborating that factual disputes preclude summary judgment, his use of the photo was a

17  fair use, his infringement was not willful, and Plaintiff waited too long in various respects.

18  (ECF No. 98.) Primarily because Plaintiff supported its motion with relevant, admissible

19  evidence and Murchison did not proffer any along with his response—and as further

20  explained below—the Court will mostly grant the motion. The Court first addresses the

21  prima facie case Plaintiff presents in its motion, then explains why Murchison's attempts

22  to raise various defenses are unpersuasive, and then addresses issues of damages and

23  attorneys' fees.

24  ///

25  ///

26

27      [5]Plaintiff requested a hearing in the motion and oral argument in reply. (ECF Nos.
28  95 at 1, 102 at 1.) The Court finds a hearing on the pending motions unnecessary and
    accordingly declines to hold one. *See* LR 78-1 ("All motions may be considered and
    decided with or without a hearing.").

1

### 1.    Copyright Infringement

To establish copyright infringement, Plaintiff must show: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). The Court begins with ownership.

Plaintiff filed documents establishing that it owns a registered copyright in the Seitz Canyon photo with its Complaint. (ECF No. 1-1.) Plaintiff supplemented these documents with a declaration from Royer, who took the Seitz Canyon photo on his iPhone. (ECF No. 95-2.) In the declaration, Royer explains that he took the Seitz Canyon photo of Epsteyn on February 21, 2021, while working for Plaintiff. (*Id.* at 3.) He further states that he assigned his rights in the photo to Plaintiff after registering a copyright on it. (*Id.*) The documents Plaintiff attached to its Complaint corroborate this; those documents consist of a printout of an electronic record reflecting a copyright in a work called Seitz Canyon created in 2021 but with a registration date of June 19, 2023 (ECF No. 1-1 at 2) and a copyright assignment agreement in which Royer assigned his copyright in the Seitz Canyon photo to Plaintiff on June 23, 2023 (*id.* at 3-5).[6] The Court finds this evidence sufficient to meet Plaintiff's initial summary judgment burden that it owns a registered copyright in the Seitz Canyon photo. The Court also rejects Murchison's contrary argument based on his assertion that Plaintiff claims ownership over the work as a work for hire but has not established that (ECF No. 98 at 4-5)—because Plaintiff attached a copy of the agreement assigning the copyright in the Seitz Canyon photo to Plaintiff to its Complaint (ECF No. 1-1 at 2-5) and then referred to that evidence in its Motion (ECF No. 95 at 8-9). Murchison's work for hire argument is accordingly beside the point.

But Plaintiff offers another, alternative reason why it owns a registered copyright in the Seitz Canyon photo: it sent Requests for Admission ("RFA(s)") to Murchison asking him to concede as much, and he did not timely respond to them. (ECF No. 95 at 9.)

---

[6]Plaintiff filed this case on July 11, 2023, or after Royer registered the copyright in the photograph and assigned it to Plaintiff. (ECF No. 1.)

1    Because Plaintiff relies on RFAs to assist it in carrying its evidentiary burden as to other

2    issues presented in the Motion as well, and Murchison offers essentially a single

3    counterargument to Plaintiff's attempts to rely on RFAs, the Court addresses those

4    arguments now.

5           As Plaintiff argues (*id.* at 7), "[u]nanswered requests for admissions may be relied

6    on as the basis for granting summary judgment." *Conlon v. United States*, 474 F.3d 616,

7    621 (9th Cir. 2007). Murchison counters that a failure to timely respond to them does not

8    automatically establish liability where genuine factual disputes exist—but does not explain

9    what those genuine factual disputes are. (ECF No. 98 at 2.) When it comes to ownership,

10   as best the Court can tell, Murchison seems to suggest the purported factual dispute

11   relates to works made for hire, but as explained above, that argument is inapplicable

12   because Plaintiff was assigned its copyright in the Seitz Canyon photo by Royer in a

13   written agreement. In contrast to Murchison's argument that mentions facts but does not

14   explain which ones, Plaintiff offers a declaration from one of its counsels explaining the

15   RFAs it served on Murchison, noting that Murchison confirmed the address where

16   Plaintiff's counsel was sending them was correct, and explaining how Murchison

17   nevertheless failed to timely respond to them—supported by the RFAs themselves. (ECF

18   No. 95-1.) Thus, the only pertinent evidence before the Court shows that Plaintiff sent

19   RFAs to Murchison to an address Murchison confirmed was correct, but Murchison did

20   not timely respond. Indeed, Murchison does not directly contest that he failed to timely

21   respond to them or explain why he did not. (ECF No. 98.) And based on the Court's review

22   of Plaintiff's counsel's declaration, Plaintiff's counsel made sufficient attempts to verify he

23   was sending the RFAs to the correct address. These circumstances support treating

24   Murchison's failure to timely respond to Plaintiff's RFAs as admissions.

25          And pertinent to Plaintiff's ownership of a copyright in the Seitz Canyon photo,

26   Murchison did not timely respond to RFAs asking him to admit that Plaintiff owns a valid

27   copyright in the Seitz Canyon photo. (ECF Nos. 95-1 at 3-4, 95-7 at 13.) This evidence

28   constitutes an alternative basis for the Court's finding that Plaintiff has satisfied the

ownership prong of the copyright infringement analysis. *See Conlon*, 474 F.3d at 621 (stating that a court may rely on unanswered RFAs in granting summary judgment).

That brings the Court to the other prong of the copyright infringement analysis; "copying of constituent elements of the work that are original." *Feist*, 499 U.S. at 361. Plaintiff points to direct evidence to prove this element of its claim: Murchison's non-response to pertinent RFAs, testimony of Murchison's webmaster Hidalgo to the effect that Murchison sent her the Seitz Canyon photo and told her to have it posted on the SledNV website, and a declaration from Murchison's former business partner at SledNV, Wieben, who states under penalty of perjury that Murchison copied the Seitz Canyon photo. (ECF No. 95 at 14-16.) While Murchison raises the affirmative defenses of implied license, fair use, innocent infringement, and laches—which the Court addresses below— he does not appear to contest that he directed his webmaster to post copies of the Seitz Canyon photo to the New SledNV Website. (ECF No. 98.) Indeed, he appears to concede this prong of the analysis in stating that he 'reasonably believed he had permission to use the photograph' (*id.* at 1) and "Defendant acted in good faith met with Ruby and Royer and told Kyle Wieben the owner of Slednv Inc. and slednv.com to remove the photo after learning of Plaintiff's objections" (*id.* at 6).

But to the extent Murchison is disputing the copying prong of the infringement analysis, the Court finds that Plaintiff has met its summary judgment burden on this prong through the evidence it relies on in the pertinent section of its Motion. (ECF No. 95 at 15-16.) Instead of restating that evidence, and because two pictures are worth two thousand words, the Court includes this screenshot from Plaintiff's brief:

///

///

///

///

///

8

| Plaintiff's Seitz Canyon Photograph | Defendants' Infringing Copy |
|---|---|
|  |  |
| https://helicopterskiing.com/wp-content/uploads/2021/02/IMG_1413-2.jpg | https://slednv.com/wp-content/uploads/2022/11/IMG_1413.jpeg |

*See* **Ex. 2**, Royer Decl. ¶ 18; *see also* **Ex. 4**, Tucker Report ¶ 25 (determining that all copies of the Seitz Canyon Photograph available on the SledNV Website, regardless of their images resolution, were copies of the original Seitz Canyon Photograph.).

(*Id.* at 19.) Murchison copied the Seitz Canyon photo. And because, as further explained below, the Court is unpersuaded by Murchison's affirmative defense arguments, the Court accordingly finds that Plaintiff is entitled to summary judgment that Murchison infringed its copyright in the Seitz Canyon photo.

### 2. Affirmative Defenses to Copyright Infringement

As noted, Murchison raises several arguments based on affirmative defenses in his response to the Motion, but none of them are persuasive. (ECF No. 98.) The Court briefly addresses them here.

Murchison first raises the implied license defense. (*Id.* at 1, 2, 4.) But as Plaintiff points out in reply, Murchison does not point to any evidence to support his assertion that Royer did not impose any restrictions on the Seitz Canyon photo when Royer sent it to

1    Murchison, and, more importantly, it is undisputed that Murchison had no contract—even

2    an oral or implied one—permitting him to post the Seitz Canyon photo on the New SledNV

3    Website. (ECF No. 102 at 5-6 (referring back to the Motion, which in turn relies on

4    Murchison's failure to timely respond to applicable RFAs (ECF No. 95 at 5-6)).)

5        And even if the evidence otherwise supported Murchison's implied license

6    argument, an implied license may arise when, "'(1) a person (the licensee) requests the

7    creation of a work, (2) the creator (the licensor) makes that particular work and delivers it

8    to the licensee who requested it, and (3) the licensor intends that the licensee-requestor

9    copy and distribute his work."' *Asset Mktg. Sys., Inc. v. Gagnon*, 542 F.3d 748, 754-55

10    (9th Cir. 2008) (citation and footnote omitted). As to the first factor, Murchison does not

11    even appear to argue in response to the Motion that he asked Royer to take the Seitz

12    Canyon photo, instead focusing merely on the fact that Royer sent it him without

13    restrictions, which would go to the second factor. (ECF No. 98 at 4.) Similarly, as to the

14    third factor, Murchison does not even argue that Royer or Plaintiff intended that Murchison

15    would copy and distribute the Seitz Canyon photo. (*Id.*) To the contrary, and as noted

16    above, it is undisputed that Murchison did not have permission to post the photo on the

17    SledNV website. The Court accordingly rejects Murchison's implied license defense.

18        Murchison next argues his use of the Seitz Canyon photo on the Sled NV website

19    was a fair one. (ECF No. 98 at 2, 3.) But as Plaintiff points out in reply (ECF No. 102 at

20    8-11), Murchison waived his ability to raise this affirmative now because he did not raise

21    it in his answer (ECF No. 49 at 8-9 (declining to raise fair use as an affirmative defense)).

22    *See also Dr. Seuss Enters., L.P. v. Penguin Books USA, Inc.*, 109 F.3d 1394, 1403 (9th

23    Cir. 1997) ("fair use is an affirmative defense"); *Taylor v. United States*, 821 F.2d 1428,

24    1432 (9th Cir. 1987) (stating that affirmative defenses not raised in an answer are waived).

25    And even if Murchison had not waived his ability to raise fair use, posting an identical

26    photo, *see supra* (excerpting a side-by-side comparison from the Motion) to a website

27    that serves essentially the same commercial purpose—advertising backcountry ski tours

28    in the Ruby Mountains—to compete against the company who took you on a ski tour

1   when the photo was taken is not a fair use. Relatedly, Murchison's unsupported assertion

2   that he "cropped and modified the image" is just that—unsupported, and indeed,

3   contradicted by Plaintiff's expert's report detailing how the image posted 24 times on the

4   SledNV website was an exact copy of the Seitz Canyon photo. (ECF No. 95-4 at 5-14.)

5       As for laches, even Murchison argues that Plaintiff waited over two years to sue

6   him over posting the Seitz Canyon photo on the SledNV website. (ECF No. 98 at 7.) But

7   notably, Murchison does not argue that Plaintiff waited more than three years. And the

8   Supreme Court made clear in *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 678-

9   79 (2014), a case that Murchison cites in his response (ECF No. 98 at 7), that "laches

10  cannot be invoked to bar legal relief" if a plaintiff files suit within the three-year copyright

11  statute of limitations. *Petrella*, 572 U.S. at 678-79. This case was filed on July 11, 2023

12  (ECF No. 1), or less than three years after the picture was taken on February 22, 2021

13  (*id.* at 4-5), which means that it was also, necessarily filed less than three years after

14  Murchison caused copies of the picture to be posted to the SledNV website. This case is

15  not barred by laches.

16      In sum, the Court rejects all Murchison's arguments based on the purported

17  availability of affirmative defenses that appear targeted at Plaintiff's copyright

18  infringement claim. And, as noted, the Court finds Plaintiff is entitled to summary judgment

19  against Murchison on its copyright infringement claim.

20          **3.    Section 1202**

21      Plaintiff also moves for summary judgment on its claim under 17 U.S.C. § 1202(a)

22  that Murchison disseminated false copyright management information ("CMI") by posting

23  copies of the Seitz Canyon photo on the SledNV website accompanied by notices that

24  said, "(c) Copyrights 2022 | SledNV.com | All Rights Reserved." (ECF No. 95 at 21-26.)

25  Murchison counters that Plaintiff can only prevail on this claim if it proffers evidence of his

26  intent to deceive or conceal his infringement but has not proffered any direct evidence of

27  it. (ECF No. 98 at 5.) Plaintiff replies that Murchison proffers no evidence to support this

28  assertion and refers back to the evidence that it proffered with its Motion to support its

1    contention that Murchison intended to deceive and conceal his infringement. (ECF No.

2    102 at 8.) The Court agrees with Plaintiff.

3        To start, the Court agrees with and adopts the Eastern District of New York's

4    summary of the elements of this claim. *See Michael Grecco Prods., Inc. v. Alamy, Inc.*,

5    372 F. Supp. 3d 131, 137 (E.D.N.Y. 2019). Plaintiff must accordingly establish: "(1) the

6    provision or distribution of CMI; (2) that [Murchison] knew that the CMI was false; and (3)

7    that [Murchison] acted with the intent to cause or conceal copyright infringement." *Id.*

8        Plaintiff has met its initial summary judgment burden as to the three elements of

9    this claim. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982) (stating

10   that the moving party bears the burden of showing that there are no genuine issues of

11   material fact). Plaintiff specifically points to statements in Wieben's declaration that

12   Murchison oversaw and worked with Hidalgo to create the New SledNV website with the

13   Seitz Canyon photo in the background accompanied by the SledNV Copyright Notices,

14   along with corroborating non-responses to Plaintiff's RFAs. (ECF No. 95 at 22-23 (citing

15   ECF Nos. 95-3 at 4, 95-1 at 4).) And Royer otherwise testified consistently in his

16   declaration. (ECF No. 95-2 at 5 ("The SledNV website falsely claimed ownership of the

17   Seitz Canyon Photograph with copyright notices stating "©Copyrights 2022 | SledNV.com

18   | All Rights Reserved.").) This satisfies the first element of Plaintiff's Section 1202 claim.

19   *See Michael Grecco*, 372 F. Supp. 3d at 137 (listing elements).

20       As to the second element, *see id.*, Plaintiff again points to Wieben's statements

21   and Murchison's nonresponse to RFAs to the effect that Murchison knew the CMI—the

22   SledNV Copyright Notice on the photo—was false. (ECF No. 95 at 23-24.) For example,

23   according to Wieben, "the copyright notices that Murchison posted to the SledNV website

24   were false." (ECF No. 95-3 at 4.) Similarly, as to the third element, Plaintiff points to the

25   same evidence—statements in Wieben's declaration and unanswered RFAs—to

26   establish that Murchison acted with the intent to conceal copyright infringement. (ECF No.

27   95 at 25-26.) Wieben swears that Murchison oversaw adding the false copyright notices

28   to the SledNV webpage with the Seitz Canyon photo on it, even though Murchison, "knew

he did not own the Seitz Canyon Photograph and knew that his activities in posting the Seitz Canyon Photograph constituted unlawful copyright infringement." (ECF No. 95-3 at 5.) Wieben also states that, "if called as a witness, I could and would competently testify" to that statement. (*Id.* at 3.) And Murchison offers nothing more to contradict this evidence than an unsupported denial. (ECF No. 98 at 5.) Murchison's mere denial is insufficient to defeat summary judgment under these circumstances; Murchison was instead required to, "produce evidence to support [his] claim or defense." *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000). He did not.

In sum, Plaintiff is entitled to summary judgment on its Section 1202 claim that Murchison caused a false copyright attribution to SledNV to be published with an infringing copy of the Seitz Canyon photo.

### 4. Damages

Plaintiff seeks two categories of damages: SledNV's gross revenue during the infringement period for copyright infringement; along with $600,000 in statutory damages for Murchison's Section 1202 violations. (ECF No. 95 at 26-32.) Murchison responds with several general arguments to resist the imposition of damages or decrease the amount in damages he may be ordered to pay; that Plaintiff has not shown it suffered actual damages, that Plaintiff waited too long to register its copyright, and that he is an innocent—or at least not willful—infringer. (ECF No. 98 at 4, 5, 6-7.) The Court addressees Murchison's actual damages argument in the context of the two categories of damages Plaintiff seeks after first addressing Murchison's unpersuasive contentions that his infringement was not willful, and that Plaintiff waited too long to register its copyright in the Seitz Canyon photo.

As noted, Murchison states his infringement was not willful (ECF No. 98 at 4) and otherwise argues he is an innocent infringer because Royer texted him the photo and Murchison thought he could do whatever he wanted with it (*id.* at 6). But Murchison does not offer any evidence to support these assertions, and evidence proffered by Plaintiff with its Motion is to the contrary. For example, on a text thread with Amber Konakis

regarding the prelitigation dispute about the Seitz Canyon photo, Murchison wrote that if Royer, "hasn't retained anyone I don't really care." (ECF No. 95-1 at 6; *see also* ECF No. 94-22 at 7 (showing this exchange happened on April 13, 2023, and is related to the dispute about the Seitz Canyon photo); ECF No. 94-21 (an April 12, 2023, email from Royer to Murchison asking him to take the photo down).) In addition, Murchison's former business partner Wieben states in his declaration that Murchison was responsible for having the photo posted on the SledNV website, and that Wieben, "came to understand from my conversations with Murchison that he knew he did not own the Seitz Canyon Photograph and knew that his activities in posting the Seitz Canyon Photograph constituted unlawful copyright infringement." (ECF No. 95-3 at 3-4, 5.) Moreover, Royer states in his declaration Plaintiff would not have filed this lawsuit if Murchison took the photo down when Royer asked him to in April 2023—further suggesting willfulness because of Murchison's apparent refusal to take the photo down. (ECF No. 95-2 at 5.) The Court finds based on this evidence that Murchison's infringement was willful.

Murchison also argues that Plaintiff cannot recover statutory damages under 17 U.S.C. § 412 because Plaintiff waited too long to register a copyright in the Seitz Canyon photo (ECF No. 98 at 6-7), but Section 412 only applies to requests for statutory damages for copyright infringement under 17 U.S.C. § 504, *see* 17 U.S.C. § 412. And Plaintiff does not seek statutory damages for its copyright infringement claim. (ECF No. 95 at 26.) Plaintiff instead seeks $22,343.94 in Murchison's profits under 17 U.S.C. § 504(b). (ECF No. 95 at 26.) Murchison's Section 412 argument is thus inapplicable.[7]

Plaintiff explains that this figure reflects the gross revenue Wieben testified SledNV generated during the infringement period, and contends Plaintiff is entitled to the full amount because Murchison did not produce any documents regarding the money he earned from SledNV or, more importantly, either expenses that should be deducted from this amount or profits not attributable to it. (*Id.* at 26-27.) Murchison does not respond with

---

[7]While, as further explained below, Plaintiff seeks statutory damages under 17 U.S.C. § 1203, 17 U.S.C. § 412 does not apply to that statutory provision. *See id.*

14

1   any pertinent evidence permitting the Court to conclude some other damages amount is

2   appropriate but does offer the general contention that Plaintiff must demonstrate actual

3   damages to obtain damages against him. (ECF No. 98 at 2.)

4        However, as Plaintiff argues in reply (ECF No. 102 at 12), nothing in the case

5   Murchison relies on to support this argument, *Mackie v. Rieser*, 296 F.3d 909, 915 (9th

6   Cir. 2002), undermines the approach to damages for copyright infringement Plaintiff took

7   in its Motion. In *Mackie*, the Ninth Circuit held, "that to survive summary judgment on a

8   demand for indirect profits pursuant to § 504(b), a copyright holder must proffer sufficient

9   non-speculative evidence to support a causal relationship between the infringement and

10  the profits generated indirectly from such an infringement." *Id.* at 915-16.

11       Here, Plaintiff proffered Wieben's declaration, in which he swears in pertinent part

12  that "the gross revenues of the SledNV business during the time of the new SledNV

13  website were at least $22,343.94[,]" and the "SledNV website provided an important

14  marketing tool for SledNV and a landing page for its other marketing efforts." (ECF No.

15  95-3 at 5.) This constitutes non-speculative evidence supporting a causal relationship

16  between the infringement and the profits indirectly generated from it. *See Mackie*, 296

17  F.3d at 915. Moreover, and as Plaintiff argues, under 17 U.S.C. § 504(b), "the copyright

18  owner is required to present proof only of the infringer's gross revenue[.]" *Id.* And because

19  Plaintiff proffered evidence of SledNV's gross revenue, Murchison was, "required to prove

20  his or her deductible expenses and the elements of profit attributable to factors other than

21  the copyrighted work." *Id.* But Murchison did not. (ECF No. 98.) To put a finer point on it,

22  Murchison presented no evidence that would go to deductible expenses or the elements

23  of SledNV's profits attributable to factors other than copyright infringement. (*Id.*)

24       Murchison's failure to effectively oppose Plaintiff's proffered evidence of indirect

25  profits damages effectively leaves the Court with no choice. There is no alternative

26  damages amount other than the one put forward by Plaintiff that the Court could

27  reasonably adopt. The Court accordingly finds that Plaintiff is entitled to $22,343.94 in

28  damages on its copyright infringement claim. (ECF No. 1 at 10-12.)

1      That brings the Court to Plaintiff's request for $600,000 in statutory damages for

2  Murchison's violation of Section 1202. (ECF No. 95 at 27-30 (regarding the claim

3  described as the Second Claim for Relief in the Complaint (ECF No. 1 at 12-14)).)

4  Murchison's argument regarding actual damages (ECF No. 98 at 2, 7) is simply

5  inapplicable to this category of damages on this claim because, "[c]ivil plaintiffs injured

6  because of a DMCA violation may seek either actual damages or statutory damages of $

7  2,500 to $ 25,000 per infringement." *Mango v. BuzzFeed, Inc.*, 356 F. Supp. 3d 368, 378

8  (S.D.N.Y. 2019), *aff'd*, 970 F.3d 167 (2d Cir. 2020) (citing 17 U.S.C. § 1203(c)). As Plaintiff

9  is entitled to do, it has elected to pursue statutory damages as to its Section 1202 claim.

10  (ECF No. 95 at 27-30.) "Presumably, plaintiffs will elect statutory damages only when that

11  calculation exceeds their actual damages." *McClatchey v. Associated Press*, No. 305-CV-

12  145, 2007 WL 1630261, at *6 (W.D. Pa. June 4, 2007). It is accordingly logical that Plaintiff

13  is pursuing this remedy instead of actual damages—instead, as Murchison seems to

14  argue, impossible.

15      17 U.S.C. § 1203(c)(3)(B) provides for "an award of statutory damages for each

16  violation of section 1202 in the sum of not less than $2,500 or more than $25,000." *Id.*

17  Plaintiff contends it is entitled to the maximum amount of $25,000 per violation because

18  of Murchison's willfulness and refusal to meaningfully participate in discovery, times 24

19  violations (one for each copy of the image hosted on the New SledNV Website) based on

20  its expert's report and Murchison's non-response to Plaintiff's RFAs, for a total of

21  $600,000. (ECF No. 95 at 27-30.) The Court agrees with Plaintiff it is entitled to the

22  maximum $25,000 amount per violation but finds Plaintiff has only presented evidence

23  sufficient to show one violation, not 24.

24      Beginning with the per-violation calculation, Plaintiff proffers a four-factor analysis

25  to assist courts in determining an appropriate statutory damages award which, strictly

26  speaking, is applying 17 U.S.C. § 504(c)(1), and not 17 U.S.C. § 1203(c)(3)(B), the

27  statutory basis for Plaintiff's request for statutory damages here. (ECF No. 95 at 28 (citing

28  *Getty Images (US), Inc. v. Virtual Clinics*, No. C13-0626JLR, 2014 WL 358412, at *7

1   (W.D. Wash. Jan. 31, 2014) (adopting four factors to determine an appropriate per-

2   violation statutory damages award under 17 U.S.C. § 504(c)(1)), 27 (citing 17 U.S.C. §

3   1203(c)(3)(B) as the statutory basis for its request).) "Although there have been no judicial

4   precedents as yet about the award of statutory damages under the provisions of section

5   1203, it seems quite reasonable to assume that the precedents concerning statutory

6   damages under section 504(c) of the Copyright Act are highly persuasive if not

7   determinative." Howard B. Abrams and Tyler T. Ochoa, *Law of Copyright, Chapter 17*, §

8   17:70. Remedies for violations of Chapter 12—Monetary awards—Statutory damages, 2

9   The Law of Copyright § 17:70 (Oct. 2024 Update) (footnote omitted).[8] And indeed, at least

10  one court has relied on this treatise to extend statutory damages considerations

11  applicable in a Section 504(c) case to a Section 1203(c)(3)(A) case—though this is a

12  Section 1203(c)(3)(B) case. *See Sony Computer Ent. Am., Inc. v. Filipiak*, 406 F. Supp.

13  2d 1068, 1074-75 (N.D. Cal. 2005). Thus, while not directly on point, it appears

14  reasonable to use this four factor test to determine whether Plaintiff's request for the

15  maximum, per violation statutory damages amount is appropriate under Section

16  1203(c)(3)(B).

17      And more broadly, "[f]ew bodies of law would be more difficult to reduce to a short

18  and simple formula than that which determines the measure of damage recoverable for

19  actionable wrongs." *F. W. Woolworth Co. v. Contemp. Arts*, 344 U.S. 228, 232 (1952).

20  "The necessary flexibility to do justice in the variety of situations which copyright cases

21  present can be achieved only by exercise of the wide judicial discretion within limited

22  amounts conferred by this statute." *Id.* The Court is accordingly within its wide discretion

23  to award any amount between $2,500 and $25,000 "for each violation of section 1202[.]"

24  17 U.S.C. § 1203(c)(3)(B). And the four factors proposed by Plaintiff strike the Court as a

25

26      [8]Consistently, William Patry, in his treatise, mostly lists out the statutory language
27  in the pertinent entry and cites some cases dealing with circumvention devices not at
    issue in this case. See William Patry, *Patry on Copyright*, § 16A:5. Civil remedies, 5 Patry
28  on Copyright § 16A:5 (Mar. 2025 Update). Thus, there does not appear to be any binding
    precedent on how to determine the appropriate, per-violation statutory damages award
    within the statutory damages range specified in Section 1203(c)(3)(B).

1   reasonable guide for that discretion. The Court accordingly adopts them. "The factors are:
2   (1) the infringers' profits and the expenses they saved because of the infringement; (2)
3   the plaintiff's lost revenues; (3) the strong public interest in ensuring the integrity of
4   copyright laws; and (4) whether the infringer acted willfully." *Getty Images*, 2014 WL
5   358412, at *7.

6         As Plaintiff argues in its Motion—argument that Murchison does not meaningfully
7   oppose—these four factors weigh in favor of awarding Plaintiff the maximum $25,000 per
8   violation. (*Compare* ECF No. 95 at 28-30 *with* ECF No. 98.) The evidence the Court has
9   as to the first factor is the same $22,343.94 that the Court is awarding to Plaintiff for
10  prevailing on its copyright infringement claim. As to the second factor, Plaintiff points out
11  that it has spent $257,955.16 in attorneys' fees and costs in this case so far, on a case
12  that Plaintiff would not have filed if Murchison simply took the photo down when first
13  asked. (ECF No. 95 at 29; *see also* ECF No. 95-2 at 5 (stating Plaintiff would not have
14  sued if Murchison had taken the photo down when asked).) Plaintiff is not able to use that
15  same large amount of money it has spent on attorneys on other aspects of its business,
16  and thus the Court considers this amount lost revenue. These first two factors accordingly
17  favor awarding the $25,000 amount.

18        The third and fourth factors do as well because the Court found that Murchison
19  acted willfully when he posted the Seitz Canyon photo to the SledNV website homepage.
20  *See supra*. That copy had false copyright attribution affixed to it. (ECF Nos. 1 at 8-9, 13,
21  95-4 at 9.) The third factor requires the Court to consider, "the severity or egregiousness
22  of the Defendants' conduct." *Silicon Valley Textiles, Inc. v. Sofari Collections Ltd.*, No. 23-
23  CV-03988-RS, 2023 WL 8242105, at *6 (N.D. Cal. Nov. 28, 2023) (citation omitted).
24  Where, as here (ECF No. 95-2 at 5 (stating Plaintiff would not have filed this case if
25  Murchison had taken the photo down when asked)), a plaintiff first corresponds with a
26  defendant about stopping the infringement and the defendant later refuses to stop
27  infringing, this factor tends to favor a per-violation award on the higher end of the

28

1    spectrum. *See Silicon Valley Textiles*, 2023 WL 8242105, at *6.  And the fourth factor

2    also favors a high end award because the Court found that Murchison acted willfully.

3          The Court accordingly finds that Plaintiff's requested per violation statutory

4    damages amount of $25,000 is appropriate under 17 U.S.C. § 1203(c)(3)(B). However,

5    and despite pertinent RFAs that Murchison did not respond to, the Court exercises its

6    discretion to find that Murchison only committed one violation of Section 1202, instead of

7    24 per Plaintiff's request. (ECF No. 95 at 27-28.)

8          This is because both Plaintiff's Complaint and its expert's report submitted with the

9    motion for summary judgment discuss 24 instances of the Seitz Canyon photo being

10   posted on the SledNV website during the pertinent time, but both documents only show

11   one instance where the false copyright attribution was affixed to the photo—the SledNV

12   homepage. (ECF No. 1 at 8-9, 13; ECF No. 95-4 at 9.) And affixing this false copyright

13   attribution to the photo is the conduct the Court found Murchison willfully engaged in

14   sufficient to find him liable under Section 1202. *See supra*. Indeed, the Court clicked on

15   all the links included in the expert report, and only one shows the false copyright

16   attribution    in    connection    with    the    Seitz    Canyon    photo;

17   https://web.archive.org/web/20230530023134/https:/slednv.com/. (ECF No. 95-4 at 9.)

18   Moreover, Plaintiff glosses over this issue in its Motion, describing its expert as having

19   found 24 copies of the Seitz Canyon photo, but not stating that each of those copies had

20   the false copyright attribution on them. (ECF No. 95 at 27.) To make the link, Plaintiff

21   instead relies on Murchison's non-response to RFA 16, where, through his non-response,

22   he admitted that he, "knowingly added false CMI to each of the Infringing Copies in an

23   attempt to conceal Your infringements of the Ruby Copyright." (*Id.* at 28.) However, this

24   nonresponse is not corroborated by any other evidence, and as noted, it appears

25   inconsistent with the other evidence before the Court. In other instances that the Court

26   has relied on Murchison's nonresponses to RFAs in this order, the admission created by

27   virtue of the nonresponse was corroborative of other evidence before the Court. The

28

1  Court finds it inappropriate to rely only on Murchison's nonresponse contradicted by other

2  evidence to establish 24 violations of Section 1202.

3  The Court accordingly finds, based on the full record before it, that Murchison is

4  liable for one violation of Section 1202, for which he is liable for the maximum amount of

5  $25,000. That means that Plaintiff is entitled to $25,000 in damages for Murchison's

6  violation of Section 1202. Adding that amount to the $22,343.94 in damages Plaintiff is

7  entitled to for Murchison's copyright infringement sums to $47,343.94. Plaintiff is therefore

8  entitled to $47,343.94 in damages against Murchison.

9  ### 5.    Attorneys' Fees

10  Plaintiff also seeks attorneys' fees and costs totaling $257,955.16 under 17 U.S.C.

11  § 1203(b)(5) for Plaintiff's single violation of Section 1202. (ECF No. 95 at 30-32.) The

12  Court denies this request without prejudice to refiling at an appropriate time and in an

13  appropriate motion for two alternative reasons. First, the request is premature. Plaintiff

14  did not become the prevailing party in this case until the Court issued this order. But

15  Plaintiff included a request for attorneys' fees in its motion for summary judgment in

16  anticipation of being declared the prevailing party. (*Id.* at 31.) Second, Plaintiff's request

17  for attorneys' fees does not comply with LR 54-14. Any renewed motion for attorneys'

18  fees that Plaintiff may choose to file must comply with LR 54-14.

19  ### C.    R&R

20  At the same time it filed its motion for summary judgment, Plaintiff also filed a

21  motion for sanctions—specifically, default judgment—against Murchison for discovery

22  misconduct. (ECF No. 94.) That motion led to a couple related motions. (ECF Nos. 101,

23  104.) Judge Denney recommends resolutions to all three motions. Judge Denney

24  primarily recommends case-dispositive sanctions against Murchison for discovery

25  misconduct, specifically striking Murchison's answer, entering a default against him, and

26  giving Plaintiff 30 days to file a motion for default judgment. (ECF No. 107 at 14.) Judge

27  Denney alternatively recommends these sanctions under Fed. R. Civ. P. 37(b)(2) and his

28  inherent authority. (*Id.* at 11-13.) In addition, finding that Murchison's countermotion for

1   sanctions is an unauthorized surreply, Judge Denney recommends striking it and

2   accordingly denying Plaintiff's motion to strike it as moot. (*Id.* at 13.)

3          Murchison objects to the R&R, primarily contending that Judge Denney should

4   have given him more warning and considered lesser sanctions before recommending the

5   entry of case-dispositive ones and otherwise given him more leeway because he is a pro

6   se litigant. (ECF No. 109.) However, Murchison concludes his objection with a request

7   that the Court: (1) "Reject the Magistrate Judge's recommendation to impose case-

8   dispositive sanctions"; (2) "Deny the request for default judgment"; (3) "Consider less

9   severe sanctions, if any, consistent with Rule 37(b) and Ninth Circuit precedent"; and (4)

10  "Permit the case to proceed to a resolution on the merits." (*Id.* at 15.)

11         Because the Court finds—as explained above—that Plaintiff is entitled to judgment

12  on the merits of its two claims, the Court can essentially give Murchison everything he

13  asks for without getting into the substance of his objection—and does. And indeed, Judge

14  Denney's core recommendation to strike Murchison's answer and enter default against

15  him—which is also the source of Murchison's primary objection to the R&R—is rendered

16  moot by the Court's finding above that Plaintiff is entitled to summary judgment. The Court

17  accordingly rejects Judge Denney's recommended remedy of default as moot.

18         But Murchison does not object to Judge Denney's recommended treatment of his

19  countermotion for sanctions and Plaintiff's motion to strike it. (ECF No. 107 at 13.) The

20  Court agrees with Judge Denney that Murchison's countermotion for sanctions is an

21  unauthorized surreply and will accordingly resolve that motion—and the related one—as

22  Judge Denney recommends. Judge Denney did not clearly err in his recommended

23  disposition of these two motions. (ECF Nos. 101, 104.)

24         That brings the Court to Judge Denney's findings about Murchison's discovery

25  misconduct forming the primary basis of his recommendations in the R&R. (ECF No. 107

26  at 6-13.) While Murchison raises some passing objections to them, the Court does not

27  find any of Murchison's objections persuasive. The Court accordingly accepts and adopts

28  Judge Denney's findings regarding Murchison's discovery misconduct interwoven into his

1   analysis supporting his alternative recommendations to enter case terminating sanctions

2   against Murchison in full. (*Id.*)

3        The Court now addresses and overrules Murchison's primary objections to Judge

4   Denney's findings that Murchison engaged in discovery misconduct. Murchison first

5   argues that Judge Denney erred in not crediting Murchison's explanation that his iPhone

6   automatically deleted text messages after 30 days. (ECF No. 109 at 3, 7-8.) Murchison

7   argues in his objection that he had messages from 2023 between himself and Royer

8   because he was communicating with Royer on a business phone line linked to a Google

9   Chat account that retained messages for longer than his iPhone did. (*Id.* at 7-8.) However,

10  Murchison never raised this argument in his response to Plaintiff's motion for sanctions.

11  (ECF No. 99.) How was Judge Denney supposed to know about this supposedly

12  important distinction considering that Murchison did not raise it with him? The Court

13  accordingly does not find that Judge Denney erred in relying on the fact that Murchison

14  produced some messages with Royer from 2023 in finding Murchison's assertion that his

15  phone deleted his messages after 30 days—and thus Murchison did not intentionally

16  delete relevant evidence—incredible. (ECF No. 107 at 9.) Indeed, the fact that Murchison

17  did not present this allegedly exonerating technical distinction to Judge Denney seems to

18  highlight the validity of Judge Denney's concerns that, "Murchison's willful failure to

19  provide candid discovery responses has made it impossible for the Court to continue the

20  case with reasonable assurance that Plaintiff would have sufficient access to facts

21  needed to prosecute its claims." (*Id.*) In sum, the Court rejects Murchison's argument

22  based on his new assertion that Google Chat saved his messages with Royer.

23        Murchison next objects to Plaintiff's 'one-sided' PowerPoint presentation at the

24  sanctions hearing before Judge Denney leading to the R&R (ECF No. 109 at 4), but as

25  Plaintiff points out in its response to his objection, Murchison did not object to the

26  PowerPoint during the hearing and it consisted of the same content presented in Plaintiff's

27  motion for sanctions in any event (ECF No. 112 at 13 (citing ECF Nos. 99, 110)). Judge

28

1    Denney did not err in letting Plaintiff present the PowerPoint, or the way he let Plaintiff

2    present it.

3    Murchison also continues to insist[9] that Hidalgo was not a material witness that he

4    should have disclosed. (ECF No. 109 at 5-7.) The fact that Murchison continues to push

5    this contention further undermines his limited credibility. Murchison texted Hidalgo asking

6    her to take the Seitz Canyon photo down a few months after this lawsuit was filed, writing,

7    "[w]ell we ended up getting sued over that photo so looks like we have to get it down

8    asap[.]" (ECF No. 112 at 5, *see also id.* at 4-8 (explaining pertinent evidence regarding

9    Hidalgo's relevance as a witness to this case).) As Plaintiff states, "[i]t is difficult to imagine

10   more relevant and responsive documents." *Id.* at 5. Murchison's failure to disclose

11   Hidalgo as a witness or produce relevant communications with her is strong evidence of

12   his bad faith conduct. The Court rejects his remarkably flippant argument to the contrary.

13   Murchison further argues that Judge Denney drew an incorrect inference about his

14   text messages with Konakis (ECF No. 109 at 8-9), but in so doing, does not dispute that

15   he initially failed to produce those text messages clearly relevant to this case and later

16   altered them before producing them—which is the discovery misconduct that Judge

17   Denney found troubling (ECF No. 107 at 10). The text messages were about the

18   prelitigation phase of this litigation over the Seitz Canyon photo (*id.*), and as such,

19   Murchison should have produced them. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain

20   discovery regarding any nonprivileged matter that is relevant to any party's claim or

21   defense and proportional to the needs of the case"). The undisputed fact that Murchison

22   did not is itself discovery misconduct. Murchison's attempt to build some other argument

23   out of these text messages is unpersuasive and irrelevant.

24   Murchison finally argues he produced some documents and Plaintiff was able to

25   get documents from other sources, so it does not matter so much that there were lots of

26   other documents he failed to produce. (ECF No. 109 at 9-11.) Judge Denney addressed

27

28   _____
        [9]The Court uses the phrasing 'continues to insist' because Murchison pressed this
     same contention on Judge Denney, who reasonably rejected it. (ECF No. 107 at 3, 5, 9.)

1    and rejected essentially this same argument in the R&R. (ECF No. 107 at 8-9.) After

2    reviewing the pertinent facts, Judge Denney wrote, "Murchison has shown a clear pattern

3    of refusing to provide relevant discovery and when challenged, he has attempted to

4    obstruct or delay any enforcement of the discovery process." (*Id.* at 9.) Having also

5    reviewed the underlying facts regarding the discovery disputes in this case, the Court

6    agrees with Judge Denney.

7        In sum, while the Court rejects Judge Denney's recommended remedy for

8    Murchison's discovery misconduct as moot because the Court is granting Plaintiff

9    summary judgment in this same order, the Court will overrule Murchison's objection (ECF

10   No. 109) and will otherwise accept and adopt Judge Denney's R&R in full (ECF No. 107).

11   **IV.    CONCLUSION**

12       The Court notes that the parties made several arguments and cited to several

13   cases not discussed above. The Court has reviewed these arguments and cases and

14   determines that they do not warrant discussion as they do not affect the outcome of the

15   motions before the Court.

16       It is therefore ordered that Plaintiff and Royer's motion to dismiss Murchison's

17   counterclaim and third party complaint (ECF No. 87) is granted.

18       It is further ordered that Murchison's counterclaim against Plaintiff and third party

19   complaint against Royer (ECF No. 86) are dismissed with prejudice.

20       It is further ordered that United States Magistrate Judge Craig S. Denney's report

21   and recommendation (ECF No. 107) is accepted and adopted in part, as specified herein.

22   Judge Denney's recommended remedy is rejected as moot considering that the Court will

23   direct entry of judgment in Plaintiff's favor, but the Court otherwise accepts and adopts

24   the R&R in full.

25       It is further ordered that Murchison's objection to Judge Denney's R&R (ECF No.

26   109) is overruled.

27       It is further ordered that Plaintiff's motion for sanctions (ECF No. 94) is granted, in

28   part, as specified herein.

It is further ordered that Plaintiff's motion for summary judgment (ECF No. 95) is granted, in part, and as specified herein.

The Clerk of Court is directed to strike Murchison's countermotion for sanctions (ECF No. 101).

It is further ordered that Plaintiff's motion to strike Murchison's countermotion for sanctions (ECF No. 104) is denied as moot.

It is further ordered that Plaintiff is entitled to damages from Murchison in the amount of $47,343.94.

The Clerk of Court is directed to enter judgment accordingly—in Plaintiff's favor—and close this case.

DATED THIS 5th Day of June 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE